Romanova v. Amilus. And is this Miss Aragona? Yes, Your Honor. Am I pronouncing that right? Aragona, yes, thank you. All right, so you may proceed. Good morning, Your Honors. May it please the Court, Rene Aragona for Sanders Law Group on behalf of Plaintiff Appellant Jana Romanova. This case presents an extreme example of an issue which is causing conflict among the lower courts. In the decision below, which was only on a default motion, the court sua sponte raised a substantive, non-jurisdictional affirmative defense of fair use on behalf of a non-appearing defendant. In doing so, the court shifted the burden to plaintiff to disprove fair use and found that plaintiff failed to state a claim for infringement because plaintiff failed to disprove the fair use defense, despite assuming that the elements of ownership and copying were established. Therefore, we respectfully ask for reversal of the decision below and for this court to find that the court erred in raising the affirmative defense and improperly shifting the burden at the pleading stage, that the court erred in finding that the fair use factors favored defendant, and failing to consider this court's binding precedent in the Warhol matter. But as a broader issue, we respectfully urge this court to correct an underlying issue that is causing conflict in the lower courts, which is whether a fair use affirmative defense can be proven at a pleading stage or raised on a 12B motion to dismiss when it has not even been pled, when a defendant has not even pled it, or for this matter, where the court has pled it on behalf of the defendant. Well, it wasn't exactly even clear what standard, I guess, the district court was applying at the default stage when it issued the order to show cause. It seemed like it was a 12B6 standard, and yet, as you say, the fair use is an affirmative defense, and that wouldn't be a 12B6 issue, right? Yes. I mean, our interpretation, because the court said that plaintiff failed to state a claim, was that it is synonymous with the standard under 12B6. But the lower courts have been deciding fair use affirmative defense in connection with 12B6 motions for failure to state a claim, which we believe is no longer a vehicle available to do that. This court has, in TCA television, the lower courts have been citing to TCA television stating that the possibility of fair use being so clearly established by a complaint as to support dismissal of a copyright infringement claim has been specifically acknowledged by the court of appeals in TCA television court. So the lower courts are taking that circuit decision and... Is that the TVI's case? TCA television versus McCollum? Was it the... That was... Let's see here. Did that involve TVI's, the rebroadcasting of all the programs all over the country? Judge Jacob's opinion? Yes, Judge Jacob's opinion, yes. And, you know, in a recent lower court decision, they also cited to Whiteside versus Hover Davis, that's 995 F315, for the same proposition that an affirmative defense may be raised by a pre-answer motion to dismiss, however, if the defense appears on the face of the complaint. So for our purposes here, in light of the change in law and the Supreme Court's superseding decision in Warhol affirming this court's decision, we don't believe that that is a possibility anymore. What would you say about the district court's decision if it had been... If the defendant had appeared and had raised... Had specifically raised fair use? Well, if the defendant had appeared and raised fair use... The district court's explanation was that the plaintiff's picture was about somebody in Russia who keeps snakes as a pet and has a python wrapped around one hand and some other snake entwined in her clothing, whereas the defendant used it as an illustration of the increasing tendency to show pet photographs. So what would you say about that as the basis for meeting the requirement of transformativeness? Yes, we disagree with that, Your Honor, because... And as the Supreme Court stated in Warhol, the judges are not supposed to be... are supposed to refrain from being art critics and engaging in a subjective interpretation of what the artist intended... This is really different from being an art critic. I mean, in the Warhol case, the issue between the dissent and the majority was that the dissent made a very big deal of the changes that Andy Warhol had made and saying that they were... that this was just a tremendous change that completely altered the character of the thing and that Andy Warhol was a genius, whereas the original photographer, Justice Kagan, raised the question, why would one concern oneself with that artist's interests, whereas the majority kind of made... gave small importance to those changes and so took out the middle grays, made it high contrast, and made an orange background. So not a big deal. Right. So I think the Supreme Court, you know, wasn't deciding whether... But this is the explanation given by the district court in this case. It was a little bit different. It didn't have to do with the quality of the art. It had to do with what the purpose was of showing the plaintiff's work, to show it as an illustration of pet photographs, which was labeled as an increasing trend. Right, and we think that the judge's interpretation, without any evidentiary record or without any testimony on what the defendant's purpose, what the secondary purpose was versus the original purpose, was an error, and that by assuming that the purpose of the defendant's article was to show the expanding, you know, photography of pets online versus, you know, plaintiffs showing photography of pet snakes, we don't think that the purposes were different or were substantially different to warrant that transformative conclusion. But, look, your principal point is that the judge doesn't get to stand in the shoes of the defendant and assert an affirmative defense and then, sua sponte, dismiss your complaint under a Rule 12b6 standard, right? That's really all that you say. Yes, that's relevant to this case, but we do feel, you know, again, we're just pointing out to the court, to your honors, that there's a synonymous application of this to what, even if the defendant had appeared timely and moved to dismiss. Well, if the defendant had appeared timely, they may have had a lot of defenses. Right, or they may not have raised it at all. So if we grant you what you want, which is we vacate, we send this back, then the district court will, at the very least, I guess, what are you asking for? You're asking that the district court enter a default judgment as to liability? Yes. And then have an inquest on damages? I believe that we had put forth damages in the papers, but, you know, as far as liability, that would be the primary request here. Are you seeking an injunction? Yes. I believe the photo is still displayed on the website, on the defendant's website. So it could still be that there's no money in this. I mean, it could be that you're not going to be able to establish damages. Maybe that's why the defendant didn't show up. It's just not worth the attorney costs. But that's to be decided at a different point. That's your bottom line. Yes, the damages. Okay. And just, again, you know, again, we were just the reason why we're here on a default when there is no opposing party was, again, to just bring to the court's attention this conflict among the lower courts. And I do just want to point to a few cases and, you know, the discussion in them, if you'll indulge me. First is Brody v. Fox, 2023 Westlaw 2758730. The court stated fair use is an affirmative defense and is therefore normally not an appropriate ground for dismissing a claim on 12b-6. An affirmative defense may be raised by a pre-answer motion to dismiss, however, if the defense appears on the face of the complaint. The court cites the Second Circuit's decision in Warhol and says the outcome of Warhol is unlikely to impact the case at issue here, which involves a clear-cut application of the fair use factors in the context of news reporting. And then, you know, a conflicting case is Hayden v. Koons, which is 2022 Westlaw 2819364. And there the judge specifically stated, defendant's fair use defense cannot be resolved at the motion to dismiss stage because fair use is an affirmative defense. Defendant bears the ultimate burden of proving that the factors balance in its favor. As an affirmative defense, fair use is susceptible to the general rule that a plaintiff ordinarily need neither anticipate nor plead facts to avoid a defendant's affirmative defense at the pleading stage. So both were in relation to a motion to dismiss. And again, you know, we're- The case you just cited, is that our court? It's a Southern District, New York. Both of those are lower court, Southern District of New York. Okay, so what's the point of those? So again, the point is showing the conflict among the courts. One court is willing to decide fair use at the pleading stage. Another court is not. And there are, you know, several other decisions that conflict like that. So I think- All right. Well, thank you. We will reserve decision. Thank you, Your Honors. Have a great day.